133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard SOROORI, Plaintiff-Appellant,
v.
CITY OF BERKELEY; Berkeley Police Department; Butler,
Police Chief; Cohen, Officer, Defendants-Appellees.
 No. 97-15255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Soroori appeals pro se the dismissal of his action pursuant to 42 U.S.C. § 1983. Soroori contends that the district court erred by dismissing the action as a sanction for discovery violations because: he was not served with proper notice of depositions, the defendants failed to attempt to resolve the discovery dispute informally, his appearance at a subsequent deposition resolved the dispute, and the sanction of dismissal was too severe. We affirm the district court's judgment.
 
 
 3
 We review the dismissal of an action for discovery violations for abuse of discretion. See Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir.1993). We review the district court's fact findings for clear error. See id. at 947.
 
 
 4
 The district court may dismiss an action if a plaintiff willfully, with fault, or in bad faith refuses to appear at a deposition after being served with proper notice, see Fed.R.Civ.P. 37(d); Henry, 983 F.2d at 946, and the plaintiff's misconduct threatens to interfere with the rightful decision of the case, see Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir.1995) (discussing dismissal pursuant to court's inherent power). In deciding whether dismissal was proper, we consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy in favor of disposing of cases on their merits; and (5) the availability of less drastic sanctions." Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir.1997).
 
 
 5
 Soroori's first amended complaint listed the following address: P.O. Box 40476, Berkeley, CA. The defendants sent a notice of deposition for November 1, 1996, to this address. Soroori did not appear for the deposition. On November 1, the defendants sent Soroori a letter at the same address. On November 8, 1996, Soroori left a telephone message that he had not received the deposition notice and that his post office box number was 40444 On November 8, the defendants sent a deposition notice for November 13 to both addresses. Again, Soroori did not appear.
 
 
 6
 The defendants filed a motion for sanctions on December 5, 1996. On December 11, Soroori went to defense counsel's office, and the parties stipulated that the deposition would take place on January 6, 1997. Soroori appeared on January 6, but the deposition was terminated after he sought to read a statement into the record. The action was dismissed on January 9.
 
 
 7
 First, Soroori contends that he was not served with proper notice of the November 1 deposition when the defendants sent the notice to his old address despite his informing them of his new address at the September 5 case management conference. We find no clear error in the district court's finding that Soroori received actual notice of the November 1 deposition because in his response to the motion to dismiss, he acknowledged receiving defense counsel's subsequent letter at the old address. See Henry, 983 F.2d at 947.
 
 
 8
 Second, Soroori contends that the defendants' motion for sanctions was deficient because they did not first confer with him and attempt to resolve the dispute without court action. This contention lacks merit because a motion for discovery sanctions based on failure to appear at a deposition need not include a certification that the parties attempted to confer. See Fed.R.Civ.P. 37(d) (certification required if party failed to answer interrogatories or to respond to request for inspection).
 
 
 9
 Third, Soroori contends that because he attended the January 6 deposition, the district court erred by considering his earlier conduct. This contention lacks merit; the resolution of a discovery dispute does not preclude a finding of prejudice to defendants, for delay can interfere with the rightful decision of the case. See Henry, 983 F.2d at 948.
 
 
 10
 Finally, Soroori contends that the district court erred by dismissing the action because he did not receive the second deposition notice until November 13, the date the deposition was to be held, and because the district court did not consider less drastic sanctions. This contention lacks merit.
 
 
 11
 The public's interest in expeditious resolution of litigation and the district court's need to manage its dockets weigh in favor of dismissal. See Payne, 121 F.3d at 507. We agree with the district court's conclusion that Soroori interfered with the rightful decision of the case because despite receiving actual notice, he willfully failed to appear at the November 1 deposition, and he in bad faith failed to attempt to reschedule the November 13 deposition until after the defendants filed their motion for sanctions on December 5. See Anheuser-Busch, Inc., 69 F.3d at 348; Henry, 983 F.2d at 948 (bad faith misconduct is misconduct not shown to be outside plaintiff's control). Thus, the risk of prejudice to defendants also weighs in favor of dismissal: See Payne, 121 F.3d at 507.
 
 
 12
 The public policy favoring disposition of cases on their merits weighs against dismissal. See id. The availability of less drastic sanctions does not weigh heavily in either direction. The district court did not try the monetary sanction suggested by defendants, nor any other lesser sanctions, but the defendants' motion for sanctions warned Soroori of the possibility of dismissal. See Hyde & Drath v. Baker, 24 F.3d 1162, 1168 (9th Cir.1994). Nonetheless, given Soroori's repeated bad faith avoidance of his deposition, the district court did not abuse its discretion in dismissing the action. See Henry, 983 F.2d at 946.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3