73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jacqueline PAYNE; Jacob Payne; Randy W. Lowe; Ferdinand
Samuel; Daniel Sailors, Plaintiffs-Appellants,
v.
EXXON CORPORATION, et al., Defendants,
and
Veco, Inc., Defendant-Appellee.
 No. 95-35183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 29, 1995.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacqueline Payne, Jacob Payne, Randy Lowe, Ferdinand Samuel, and Daniel Sailors (Appellants), appeal the district court's entry of final judgment pursuant to Fed.R.Civ.P. 54(b) on their claims against VECO, Inc. (VECO). VECO asserts that this appeal is frivolous and requests costs and attorney's fees as damages under Fed.R.App.P. 38. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court. We deny VECO's request for costs and attorney's fees with leave to file a motion under Fed.R.App.P. 38.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellants brought this action in district court against VECO and others not party to this appeal for claims arising out of the clean-up of the EXXON VALDEZ oil spill. With the exception of Randy Lowe, all of the appellants were employed by VECO during their work on the clean-up. They asserted Jones Act claims, as well as claims for maintenance and cure and general maritime negligence against VECO.
 
 
 4
 On September 16, 1994, VECO filed a motion for summary judgment on all the claims against it except Randy Lowe's general maritime negligence claim. Appellants filed no opposition to this motion. The district court granted VECO's motion on October 11, 1994, finding that "[t]he motion has not been opposed and upon examination appears to have merit." On November 4, 1994, VECO filed a motion for entry of final judgment. The district court granted the motion on January 17, 1995:
 
 
 5
 Defendant VECO moved ... for entry of final judgment on all claims against it by all plaintiffs save for the claim by plaintiff Randy Lowe alleging general maritime negligence. Rule 54(b) provides for the entry of judgment on fewer than all claims in an action where there is no just reason for delay. Here, plaintiffs have argued that there is just reason for delay, because they intended to oppose VECO's motion for summary judgment which was granted on October 11, 1994, and inadvertently failed to do so. Attached to plaintiffs' opposition to [VECO's motion for entry of final judgment] was the affidavit of their attorney ... executed November 17, 1994 in which [he] averred that plaintiffs' opposition to the summary judgment motion was being prepared and should be ready for filing "within the next week."
 
 
 6
 Over three months have passed since entry of the order on October 11, 1994, and two months have passed since plaintiffs' counsel averred he would be filing an opposition within the week. The summary judgment motion appears well taken and the dilatory behavior of plaintiffs convinces the court that plaintiffs lack a meritorious defense to that motion. Accordingly, there is no just reason to delay entry of a final judgment. The motion ... is GRANTED. The Clerk is directed to prepare judgment in favor of defendant VECO against all plaintiffs on all claims except the claim of plaintiff Randy Lowe alleging general maritime negligence....
 
 
 7
 Judgment was entered on January 19, 1995. Appellants timely filed this appeal on February 21, 1995. On appeal they argue that the district court failed to comply with the procedural requirements of Fed.R.Civ.P. 54(b) and that the district court erred in entering judgment because there was just reason for delay. VECO requests an award of attorney's fees and costs under Fed.R.App.P. 38.
 
 STANDARD OF REVIEW
 
 8
 We review the district court's determination that there is no just reason for delay in entry of judgment for abuse of discretion. Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1317 (9th Cir.1979).
 
 ANALYSIS
 Fed.R.Civ.P. 54(b) provides:
 
 9
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....
 
 
 10
 Appellants argue that the district court failed to make an "express determination that there is no just reason for delay" and to expressly direct entry of judgment. The district court did both in its order of January 17, 1995.
 
 
 11
 Appellants also argue that the district court abused its discretion in directing entry of judgment because there was just reason for delay. Appellants assert that the district court should have known that summary judgment should not have been entered against them and that their failure to file opposition to the motion was "inadvertent error." It is not for this court to determine whether appellants had a valid basis for opposing VECO's motion for summary judgment. Appellants had ample opportunity to present such opposition to the district court and failed to do so. The district court did not abuse its discretion in entering final judgment under Fed.R.Civ.P. 54(b).
 
 
 12
 In its reply brief, VECO requests an award of costs and attorney's fees under Fed.R.App.P. 38. Rule 38 provides for such an award if the court determines that an appeal is frivolous. VECO has complied with Ninth Circuit Rules 28-2.3 and 39-1.6 which "require a party who intends to request attorneys' fees to so indicate in his or her opening brief." United States v. City and County of San Francisco, 990 F.2d 1160, 1161 (9th Cir.1993). However, the 1994 amendments to Rule 38 only permit an award "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed.R.App.P. 38. "A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." Notes of Advisory Committee on 1994 Amendments to Appellate Rules. Consequently, VECO's request is denied.
 
 CONCLUSION
 
 13
 The district court's entry of judgment under Fed.R.Civ.P. 54(b) is AFFIRMED. VECO's request for attorney's fees and costs is DENIED with leave to file a motion under Fed.R.App.P. 38.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3