Jacqueline PAYNE; Jacob Payne; Randy
W. Lowe; Ferdinand Samuel,
Plaintiffs–Appellants,

v.

EXXON CORPORATION; Exxon Compa-
ny USA; Exxon Shipping Company; and
VECO, Inc., Defendants–Appellees.

No. 96–35043.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 1997.

Decided Aug. 6, 1997

Michael P. Guta and Daniel A. Stenson, Law Offices of John E. Hill, San Francisco, CA, and Roger Henderson, Houston & Henderson, Anchorage, AK, for plaintiffs-appellants.

Matthew D. Regan, Randall J. Weddle, Faulkner, Banfield, Doogan & Holmes, Anchorage, AK, Eliot S. Jubelirer, Stephen M. Hankins, Morgenstein & Jubelirer, San Francisco, CA, for defendant-appellee Exxon Corp.

Colleen J. Moore, Eide & Miller, P.C., Anchorage, AK, for defendant-appellee VECO, Inc.

Before: WALLACE, JOHN T. NOONAN, Jr., and THOMPSON, Circuit Judges.

WALLACE, Circuit Judge:

Jacqueline Payne, Jacob Payne, Randy Lowe, and Ferdinand Samuel (plaintiffs) appeal from the district court's dismissal of their action with prejudice under Federal Rule of Civil Procedure 37(b)(2)(C). Federal jurisdiction in the district court was based upon the Jones Act, 46 U.S.C. § 688, and general maritime law. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

I

Plaintiffs filed this action against Exxon Corporation, Exxon Company USA, Exxon Shipping Company (Exxon), and VECO, Incorporated in September 1992. Their complaint sought damages for personal injuries allegedly sustained while working on the Exxon Valdez oil spill clean-up.

On April 27, 1993, Exxon propounded its first set of discovery requests to the plaintiffs. After more than four months elapsed without response, Exxon filed a motion to compel on September 21, 1993. Although plaintiffs provided Exxon with partial answers shortly thereafter, the district court held they were inadequate and granted Exxon's motion on October 14, 1993. VECO filed a similar motion, which the district court granted on October 8, 1993. In connection with those first motions to compel, the district court ordered plaintiffs to pay $331 to Exxon and $810 to VECO as sanctions.

Plaintiffs' counsel filed a motion to reconsider on October 28, 1993. That motion admitted that some of plaintiffs' discovery responses were incomplete, but assured the court that the plaintiffs were taking steps to acquire the necessary information within the next 30 days. The district court denied that motion as untimely.

When no supplemental responses were forthcoming, Exxon filed a second motion to compel on January 28, 1994. The district court granted that motion on February 25, 1994. The court also ordered plaintiffs to pay Exxon an additional $780 in sanctions.

On September 16, 1994, VECO filed a motion for summary judgment on all of plaintiffs' claims except for the general maritime negligence claim asserted by Randy Lowe. The district court granted that motion on October 11, 1994, after plaintiffs failed to file an opposition. We affirmed in an unpublished disposition. *See Payne v. Exxon Corp.,* 73 F.3d 370, 1995 WL 766016 (9th Cir.1995).

Exxon served another set of discovery requests on plaintiffs on March 17, 1995. Responses to those requests were originally due on April 19, but Exxon agreed to extend the deadline until May 2, 1995. Plaintiffs did not respond to the discovery requests by that date, and Exxon filed a third motion to compel on May 12, 1995. Plaintiffs then provided partial responses, but Exxon argued to the district court that those responses were incomplete and inadequate. The district court granted Exxon's motion on June 1, 1995. The court's order directed plaintiffs to "provide full and complete responses to Exxon's discovery requests on or before seven (7) days from the date of this order" and to pay Exxon another $250 in fees as a sanction.

Dissatisfied with the responses it received from the plaintiffs, Exxon filed a motion to dismiss on July 14, 1995. The district court filed a lengthy order on October 5, 1995, conditionally denying Exxon's motion. That order described the progress of discovery to that point, specifically finding that plaintiffs had "ignored" or "failed to comply with" the court's previous discovery orders. The court also found that the plaintiffs' responses to Exxon's March 17, 1995, discovery were still "incomplete and inadequate," and that plaintiffs had not paid any of the sanctions imposed to that point. The language and tone chosen by the district court are instructive.

> This court is mindful of the harsh results that may arise from the dismissal of an action for failure to comply with discovery orders pursuant to Rule 37.... However, it is well within the court's discretion to dismiss an action for the refusal of a plaintiff to comply with three separate discovery orders wherein the record is full of

evasion and dilatory tactics by the plaintiff and the discovery requested is relevant to the facts at issue.

. . . .

Here, the repeated failures of plaintiffs to produce documents, the refusal to obey court orders, and the disregard of monetary sanctions might well justify dismissing plaintiffs' case in its entirety. However, on balance, the court concludes that it would be more fitting to afford plaintiffs one *last* chance to comply with the court's previous orders.

On or before October 16, 1995, plaintiffs shall provide specific and detailed responses to the interrogatories served by defendant and produce any outstanding documents heretofore requested, and shall pay defendants $1,361.00, the total sum of the unpaid monetary sanctions imposed on plaintiffs. If plaintiffs do not file an affidavit attesting compliance with these requirements by the close of business on October 16, 1995, this action will be dismissed in its entirety without further notice.

Plaintiffs paid the outstanding sanctions orders, provided some additional discovery responses, and filed a Notice of Compliance on October 16, 1995. After reviewing the responses, Exxon filed an objection to the Notice of Compliance on October 25, 1995. VECO joined in the objection, and asked the district court to dismiss plaintiff Randy Lowe's claims against it pursuant to the court's October 5 order. The district court treated these objections as a renewed motion to dismiss and ordered plaintiffs to file their opposition by November 17, 1995. The court also ordered that:

Any opposition shall (1) specifically identify and provide as attachments all objections, if any, which any plaintiff made pursuant to Rule 33(b) or Rule 34(b), F.R. Civ. P., as to any of the interrogatories or requests for production propounded by defendant Exxon which underlie the current effort by Exxon to have this action dismissed, and (2) succinctly explain for each interrogatory and request for production identified in defendant's "Discovery Non–Compliance Grid" attached as Exhibit A to

docket 153 why the corresponding interrogatory answer or response to request for production as reflected or referenced in the "Notice of Compliance" at docket 152 is an adequate response under the standards of Rule 33 or Rule 34, F.R. Civ. P., and therefore in compliance with the court's order of October 5, 1995 at docket 151.

In response, plaintiffs filed an opposition which asserted that "each plaintiff believes he or she has responded to the discovery requests in as complete a manner as possible, as reflected in plaintiffs' Notice of Compliance." Plaintiffs also volunteered to submit to additional depositions, and to "meet and confer with counsel for Exxon to determine if there truly are any bits of information that Exxon is entitled to that it does not have access to." Plaintiffs' opposition did not comply with the district court's order that it specifically address each contention in the "Discovery Non–Compliance Grid."

On December 4, 1995, the district court dismissed plaintiffs' claims in their entirety. The court stated that plaintiffs

(1) have failed to respond to the court's specific concerns as outlined in the order at docket 154, (2) have failed to comply with the order at docket 151, and (3) as previously noted have failed to comply with the obligations imposed upon them as parties litigant by the Federal Rules of Civil Procedure.

Plaintiffs' behavior is contrary to the public interest in expeditious completion of litigation, interferes with the sensible management of this court's docket (to give but one example, plaintiffs are now offering long after discovery has closed to cure their failure to timely comply with their obligations by making themselves available for more depositions—docket 157 at p. 3) and prejudices the defendants. Mindful of the policy favoring resolution of disputes on the merits, this court has previously imposed lesser sanctions and afforded plaintiffs ample opportunity to correct the deficiencies in their discovery responses, but to no avail. Under the circumstances, it is appropriate to dismiss this action pursuant to Rule 37(b)(2)(C). *Malone v.*

*United States Postal Service,* 833 F.2d 128 (9th Cir.1987).

On appeal, plaintiffs argue that the district court abused its discretion by imposing the terminal sanction of dismissal. They "admit that early discovery responses, particularly to defendant EXXON'S First Discovery Request, were not as complete as they should have been and that they were not presented in timely fashion." Plaintiffs assert, however, that they eventually responded satisfactorily to those requests, and that "the time to seek further relief regarding them from the Court, had long since passed" when Exxon filed its motion to dismiss.

Plaintiffs also contend that they have cooperated in "extensive" discovery in this case and have given "blanket authorizations to the defendants so that the defendants could obtain access to each plaintiff[']s medical records, employment records, income tax records and the like, authorizations which the defendants used extensively." As a result, plaintiffs contend, "[t]here simply wasn't anything else for the defendants to know about these plaintiffs or their claims in this action." Plaintiffs argue, therefore, that Exxon and VECO were not prejudiced by any discovery violations.

Plaintiffs also assert that "[t]here simply was no entertainment or discussion of the feasibility or implementation of lesser sanctions by the District Court," and that the district court's explanation of its decision was inadequate.

Finally, plaintiffs contend that the district court's order of dismissal was procedurally flawed because Exxon's October 25, 1995, "Objection" was not in the form of a motion, and because it dismissed Lowe's claim against VECO even though "VECO did not initiate the discovery motion which led to the dismissal, and VECO did not specifically attack any discovery matters as to its interest in the litigation."

## II

■ "We review the imposition of discovery sanctions under Rule 37 for abuse of discretion. The district court's discretion will not be disturbed unless we have a defi-nite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Henry v. Gill Industries,* 983 F.2d 943, 946 (9th Cir.1993) (*Henry*), *quoting Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985). We review findings of fact related to a motion for discovery sanctions for clear error. *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1408 (9th Cir.1990) (*Adriana*), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991). A district court's finding that one of its orders was violated "is entitled to considerable weight because a district judge is best equipped to assess the circumstances of the non-compliance." *Id.* at 1411, *quoting Halaco Engineering Co. v. Costle,* 843 F.2d 376, 379 (9th Cir.1988) (*Halaco*).

■ Before dismissing a case for noncompliance with court-ordered discovery under Rule 37, the district court must weigh the following five factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. United States Postal Service,* 833 F.2d 128, 130 (9th Cir.1987), *cert. denied,* 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988), *quoting Thompson v. Housing Authority,* 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana,* 913 F.2d at 1412.

The district court's October 5, 1995, order recounted these factors and concluded that on balance they justified giving the plaintiffs "one *last* chance to comply with the court's previous orders." In its final order, the district court referred back to its earlier discus-

sion and again cited *Malone*. Taken together, these orders demonstrate that the district court conducted the balancing required by our precedents.

After considering the plaintiffs' arguments and the record of these proceedings, we hold that the district court did not abuse its discretion. Plaintiffs' argument to the contrary consists primarily of factual contentions considered and rejected by the district court. The district court examined plaintiffs' discovery responses and concluded that they remained "incomplete and inadequate." These findings were not clearly erroneous.

■ Plaintiffs contend that the district court erred by considering all of their discovery misconduct in connection with its decision to dismiss, because the time to challenge their responses to Exxon's first round of discovery "had long since passed." "This circuit's law is to the contrary." *Henry*, 983 F.2d at 947. The district court may properly consider all of a party's discovery misconduct in weighing a motion to dismiss, including conduct which has been the subject of earlier sanctions. *Id.; see also Adriana*, 913 F.2d at 1411; *Halaco*, 843 F.2d at 381 n. 2.

■ The district court also considered the record and the various arguments presented, and held that "[p]laintiffs' behavior . . . prejudices the defendants." We have held that "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice." *Adriana*, 913 F.2d at 1412. "Belated compliance with discovery orders does not preclude the imposition of sanctions. Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir.1986) (citations omitted). The issue is not whether Exxon and VECO eventually obtained the information that they needed, or whether plaintiffs are now willing to provide it, but whether plaintiffs' repeated failure to provide documents and information in a timely fashion prejudiced the ability of Exxon and VECO to prepare their case for trial. *See Henry*, 983 F.2d at 947; *Adriana*, 913 F.2d at 1412. Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy. We agree with the district court that the prejudice factor favors dismissal in this case.

■ Plaintiffs also contend that the district court did not provide adequate warning of the possibility of dismissal or consider the possibility of lesser sanctions. This argument strains credulity. The district court actually imposed lesser sanctions on four separate occasions, and those sanctions did not persuade the plaintiffs to comply with the court's orders. "[I]n egregious cases where the court actually imposes alternative sanctions before default," the district court is not required to discuss the appropriateness of lesser sanctions. *Adriana*, 913 F.2d at 1413; *see also Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir.1990) (willful failure to pay sanctions order without credible explanation underscores inefficacy of lesser sanctions). In addition, however, the district court's October 5, 1995, order also gave the plaintiffs more than adequate warning that the district court was considering dismissal as a discovery sanction, and identified "the specific conduct by the plaintiffs that would trigger the sanction." *Adriana*, 913 F.2d at 1413. Our precedents require no more.

The district court properly considered the relevant factors and gave plaintiffs every reasonable opportunity to avoid the ultimate sanction of dismissal. Plaintiffs ignored at least four separate orders by the district court and never fully complied with their discovery obligations. A district court is not required to tolerate noncompliance with its explicit instructions forever. There was no abuse of discretion.

### III

■ Plaintiffs also raise two procedural objections to the district court's order dismissing this case. First, they contend that it was inappropriate for the court to dismiss their action because Exxon's October 25,

1995, objection to plaintiffs' "Notice of Compliance" was not presented in the form of a motion to dismiss.

The district court chose to characterize Exxon's objections "as a motion asking the Court to find the Notice of Compliance defective and inadequate to preclude dismissal of this action pursuant to its order of October 5, 1995." That characterization was both accurate and appropriate. The court's October 5 order stated explicitly that Exxon's July 14, 1995, motion to dismiss was only conditionally denied. "For the reasons set forth above the motion [to dismiss] is DENIED on condition that plaintiffs comply fully with this order, but if they do not, then GRANTED effective October 17, 1995." That order was self-executing; the plaintiffs were warned that if they did not affirmatively demonstrate compliance by October 16, 1995, "this action [would] be dismissed in its entirety without further notice." Given that order, Exxon was not required to file a new motion to dismiss.

■ Plaintiffs also contend that the district court erred by dismissing Randy Lowe's maritime negligence claim against VECO along with the plaintiffs' claims against Exxon. They argue that dismissal of that claim for discovery noncompliance was inappropriate because there were no outstanding discovery requests from VECO to Lowe. VECO responds, in part, that "VECO was entitled to, and did, fully rely on Exxon's discovery requests for the purpose of preparing for trial."

This appears to be a question of first impression in our circuit. In support of their contention that the district court lacked authority to dismiss the VECO claim, Lowe cites only *Harrigan v. Mason & Winograd, Inc.*, 121 R.I. 209, 397 A.2d 514 (1979). In *Harrigan,* the plaintiff was allegedly injured when she fell into a hole in the floor of a house which was advertised for sale. She sued the owner of the house, the general contractor, and the real estate agents. The general contractor never filed an answer to the complaint. The owner filed an answer and propounded interrogatories, but then took no further action in the case. The agents, Mason & Winograd, propounded separate interrogatories and eventually obtained an order of dismissal from the court because of the plaintiff's failure to answer.

After six years with no further action, attorneys for the general contractor asked the court whether the original order dismissed all of plaintiff's claims or merely those against Mason & Winograd. The trial court construed the order as dismissing all claims, and the Rhode Island Supreme Court reversed. The court held that "[g]enerally, . . . an order will not be construed as going beyond the motion in pursuance of which the order is made, for a court is presumed not to intend to grant relief which was not demanded." *Id.* at 516 (citations omitted). "Mason & Winograd was the only defendant which moved to dismiss the action." *Id.* at 517. The court also mentioned that

> [the contractor] was in default for failure to answer the complaint, and [the owner] had not yet moved to compel answers to his interrogatories pursuant to Rule 37(a), a prerequisite to a request for an order of dismissal under Rule 37(b)(2)(iii).

> We note that those state courts which have considered the question have held that a dismissal of a plaintiff's claim against defendants with respect to whom plaintiff is not in breach of obligation or as to defendants who have not sought such relief is improper and unauthorized.

*Id.* "In the light of precedent, as well as the context in which this order was entered," the court concluded that "the more reasonable construction would be that the . . . order dismissed the action only as to Mason & Winograd." *Id.* at 518.

Lowe does not contend that the district court's order of dismissal should be construed to exclude the claim against VECO; VECO joined in Exxon's motion to dismiss, and the district court's order is unambiguous. Rather, Lowe argues that the district court lacked authority to dismiss the VECO claim because the discovery requests at issue were propounded by Exxon.

■ Federal Rule of Civil Procedure 37(a)(2)(A) provides that "any other party" may move to compel the automatic disclosures required of all litigants by Rule 26(a).

Only "the discovering party," however, may bring a motion to compel a response to specific interrogatories, requests for production, and the like. *See* Fed.R.Civ.P. 37(a)(2)(B). Lowe correctly asserts that VECO would not have had standing to move to compel answers to Exxon's discovery requests.

The sanctions provisions of Rule 37(b)(2) contain no such standing limitation.

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> ...
>
> (C) An order ... dismissing the action or proceeding or any part thereof....

Fed.R.Civ.P. 37(b)(2). The scope of sanctions for failure to comply with a discovery order is committed to the sound discretion of the district court. If Congress had intended to limit the district court's dismissal authority to claims against the party who propounded discovery, it would not have chosen such sweeping language. Under Rule 37(b)(2), plaintiffs' willful and repeated violations of discovery orders gave the district court authority to dismiss the entire "action or proceeding."

 Although Lowe did not squarely pose the issue, we also conclude that the district court did not abuse its discretion by dismissing the claim against VECO. VECO brought its own successful motion to compel early in the discovery process, cooperated in Exxon's later efforts to secure adequate responses, and joined in Exxon's final motion to dismiss. The district court could reasonably conclude that plaintiffs' failure to comply with court orders prejudiced both parties. *See Federal Deposit Ins. Corp. v. Daily*, 973 F.2d 1525, 1532 (10th Cir.1992) (finding no abuse of discretion in a default judgment in favor of a party which did not propound the relevant discovery request "because that discovery would have provided [the nonpropounding party] with most of what it needed to prosecute its action").

AFFIRMED.