**Jane DOE, Plaintiff—Appellant,**

v.

**Randy SHERIFF, husband; Dianne Sheriff, wife; Port Townsend School District; Tommy Powers, Defendants—Appellees.**

No. 99–35480.

D.C. No. CV–98–05074–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided April 4, 2001.

light of this disposition.

Before REINHARDT, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM *

Jane Doe ("Appellant") appeals a district court order that sanctioned her for her counsel's discovery abuse, granted summary judgment to Port Townsend School District ("School District"), and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

granted summary judgment to Tom Powers ("Powers"). The facts and prior proceedings are known to the parties and are not restated herein except as necessary. We affirm in part, reverse in part, and remand.

## DISCUSSION

### 1. Summary judgment for Powers

Appellant argues that the district court erred by granting summary judgment to Powers based on lack of personal jurisdiction. We disagree.

■ There is no question that Washington lacks general personal jurisdiction over Powers. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000) ("A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts."). Specific jurisdiction over Powers exists if: (1) Powers has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from Powers' forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters, Inc.*, 223 F.3d at 1086.

Here, none of Powers's acts or transactions in Washington involved or harmed Appellant, and Powers's other contacts with Washington, primarily correspondence on behalf of his employer, are insufficient for us to conclude that he purposefully availed himself of the privileges of conducting activities in Washington. Also, the claims asserted by Appellant do not arise out of or result from Powers's conduct in Washington. Nor would exercise of jurisdiction be reasonable under the above circumstances. We affirm the dis-

trict court's conclusion that it lacked personal jurisdiction over Powers.

### 2. Sanctions

■ On February 1, 1999, the discovery cut-off date, the School District served Appellant with a notice of deposition and subpoena duces tecum to depose Appellant's expert Dr. Natalie Novick ("Dr.Novick"), on February 24, 1999—twenty-three days after the discovery cut-off date. Rather than formally objecting or otherwise responding to the School District's notice, Appellant instructed Dr. Novick not to attend the deposition. For this, the district court *sua sponte* sanctioned Appellant by ordering that (1) Dr. Novick's opinions and testimony in opposition to summary judgment were "stricken and disregarded," and (2) Dr. Novick was precluded from testifying at trial. Appellant argues that the district court abused its discretion by sanctioning Appellant.

■ The rule is settled that we will not disturb a district court's discretion regarding the imposition of sanctions without "a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Where the drastic sanctions of dismissal or default are imposed . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997) (citations and internal quotation marks omitted).

We apply these principles here. First, the School District disregarded Western District of Washington Local Rule 16(f) when, on the discovery cut-off date, it filed its notice of deposition and subpoena duces tecum to depose Dr. Novick more than three weeks after the discovery cut-off date. Rule 16(f) provides: "Interrogatories, requests for admissions or produc-

tion, etc., must be served sufficiently early that all responses are due *before* [the court-imposed discovery] deadline. Any motion to compel discovery shall also be filed and served on or before this deadline." (Emphasis added.) The district court did not address the School District's disregard of Rule 16(f). Rather, it erroneously found the notice of deposition timely filed. While the School District's discovery rule violation did not justify Appellant's counsel's improper instructions to Dr. Novick, counsel's conduct must be assessed in the context of that violation.

More importantly, Dr. Novick's report is dispositive for Appellant's opposition to summary judgment because it provides facts regarding the date of Appellant's discovery of the abuse that is vital to Appellant's claim under the statutory discovery rule. Here, the district court's sanction precluding any reliance on Dr. Novick's report is tantamount to dismissal. The School District has not demonstrated that Appellant's conduct was due to willfulness, fault, or bad faith. Under these circumstances, we hold that the district court abused its discretion by *sua sponte* sanctioning Appellant.

### 3. Summary judgment for the School District

■ Washington's general three-year statute of limitations, Revised Code of Washington ("RCW") 4.16.080, bars Appellant's claims against the School District unless preserved by either the statutory discovery rule applicable to claims based on child sexual abuse, RCW 4.16.340, or the common law discovery rule. *Funkhouser v. Wilson,* 89 Wash.App. 644, 950 P.2d 501, 511 (Wash.Ct.App.1998). The district court held that neither the statutory nor the common-law discovery rule preserved Appellant's claims. Because we agree with Appellant that RCW 4.16.340 may preserve her claims, we need not and

do not consider the reach of the common-law discovery rule.

Based on the law as it existed at the time of its order, the district court, citing *Funkhouser,* 950 P.2d at 511, concluded that RCW 4.16.340 did not toll Washington's general three-year statute of limitations in negligence actions against third-parties. However, after the district court's order, the Washington Supreme Court overruled *Funkhouser* and held that RCW 4.16.340 applies to negligence actions against third-parties. *C.J.C. v. Corp. of the Catholic Bishop of Yakima,* 138 Wash.2d 699, 985 P.2d 262, 270 (Wash. 1999).

Under RCW 4.16.340, "the limitations period only begins to run on the date of the injury-causing act or the date the victim discovers the nexus between that act and the claimed injury, whichever is later." *Oostra v. Holstine,* 86 Wash.App. 536, 937 P.2d 195, 198 (Wash.Ct.App.1997). The statute was passed, in part because "[t]he victim of childhood sexual abuse may be unable to understand or ... [connect] .... childhood sexual abuse [to] emotional harm or damage until many years after the abuse occurs." *Id.* (quoting the legislative history of the statute).

Dr. Novick's report indicates that Appellant did not discover the nexus between Sheriff's actions when Appellant was in high school and all of the injuries she suffered until, as an adult, Appellant became aware of the sexually abusive nature of her relationship with Sheriff. When viewed in the light most favorable to Appellant, this evidence creates a genuine issue of material fact regarding whether RCW 4.16.340 preserves Appellant's claims of negligence against the School District. That issue must be decided by the trier of fact at a trial where Dr. Novick and other witnesses may testify and be cross-examined. We reverse and remand for trial.

## CONCLUSION

We affirm the district court's grant of summary judgment to Powers. We reverse the district court's grant of summary judgment to the School District and its imposition of sanctions against Appellant, and remand for proceedings not inconsistent with this disposition. Appellant and School District are responsible for their own costs on appeal and each shall bear fifty percent of Powers costs on appeal. AFFIRMED IN PART, REVERSED IN PART and REMANDED