Glenn A. MAGARIAN, Plaintiff–Appellant,

v.

MONARCH LIFE INSURANCE COMPANY; Royal Maccabees Life Insurance Company; Ntl Life of Vermont, Defendants–Appellees,

and

National Life Insurance Company, Defendant.

Nos. 00–56368, 00–56591.

D.C. No. CV–97–02347–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Jan. 9, 2002.

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Glenn A. Magarian appeals an order of the district court dismissing his case and imposing sanctions for tampering with evidence produced in discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A dismissal pursuant to the district court's inherent power and under Fed. R.Civ.P. 37 is reviewed for an abuse of discretion. *Valley Eng'rs Inc. v. Elec.*

*Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir. 1998); *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir.1995). The district court's discretion will not be disturbed absent a "definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997). The court's factual findings may not be set aside unless clearly erroneous, and its credibility determinations are accorded special deference. *Anheuser–Busch*, 69 F.3d at 348.

The district court's finding that Magarian edited the videotapes he produced during discovery was not clearly erroneous.[1] Contrary to Magarian's contention, the district court did not erroneously rely on the lack of an express denial by Magarian in making its decision; rather, the court's decision rested on its findings that Magarian had "the motive, the means, and the opportunity" to conceal the excised portions of the videotapes, that no one else had an interest in altering them, and that the purpose of the alterations-to support a disability claim that appeared to be fraudulent-was clear. These findings were not clearly erroneous.

Nor did the district court abuse its discretion in dismissing the case without considering other alternatives. "[W]e have never held that explicit discussion of alternatives is *necessary* for an order of dismissal to be upheld." *Malone v. United States Postal Serv.*, 833 F.2d 128, 132 (9th Cir.1987); *see also Valley Eng'rs*, 158 F.3d at 1057 (stating that "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning"). In fact, "there are circum-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here.

stances where such a discussion would be superfluous or unnecessary." *Estrada v. Speno & Cohen,* 244 F.3d 1050, 1057 (9th Cir.2001). One such circumstance is when, as here, the party against whom sanctions are imposed has engaged in egregious conduct. *See id.* at 1056–57 (finding no abuse of discretion in the district court's failure to consider alternative sanctions where the party thrice failed to attend scheduled hearings); *see also Valley Eng'rs,* 158 F.3d at 1057–58 (finding dismissal appropriate where the party engaged in a pattern of deception and discovery abuse, thus "damag[ing] the integrity of the discovery process"); *Combs v. Rockwell Int'l Corp.,* 927 F.2d 486, 488–89 (9th Cir.1991) (affirming a sanction of dismissal where the party committed egregious fraud by falsifying evidence). Because of the seriousness of Magarian's misconduct, the district court did not abuse its discretion in dismissing the case without expressly considering lesser alternatives.[2]

■ Finally, the district court did not abuse its discretion in awarding attorney's fees. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (reviewing for an abuse of discretion the district court's award of attorney's fees pursuant to its inherent powers). The fraudulent conduct for which sanctions were imposed went to the heart of Magarian's total disability claim, indicating that the lawsuit had no merit and that Magarian so realized from its outset.

For the foregoing reasons, the order of the district court is AFFIRMED.

---

2. Because we affirm the dismissal of the case, we need not reach Magarian's contention that the district court erred in granting summary adjudication on his claims for breach of the implied covenant of good faith and fair dealing, and for punitive damages.