THE NOSTALGIA NETWORK,
INC., Plaintiff—Appellee,

v.

Merrick Scott RAYLE, Defendant—
Appellant.

No. 01–57240.

D.C. No. CV–94–06747–RMT.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2002.*

Decided Feb. 13, 2003.

Before FERGUSON, TASHIMA and
FISHER, Circuit Judges.

MEMORANDUM **

Appellant Merrick Scott Rayle appeals the District Court's reaffirmation of its order entering default judgment against him. Because the parties are familiar with the facts and procedural history of the case, they are not repeated here except as necessary. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's entry of a default judgment pursuant to its inherent power is reviewed for abuse of discretion. *Anheuser–Busch Inc. v. Natural Beverages Distrib's,* 69 F.3d 337, 348 (9th Cir.1995) (citing *Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 379 (9th Cir.1988)). In general, a district court is within its discretion in entering default judgment against a party who fails to comply with pre-trial discovery orders or interferes with the production of evidence. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 705, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 350–51, 29 S.Ct. 370, 53 L.Ed. 530 (1909). However, we have held that in considering whether to order dismissal for discovery abuses pursuant to its inherent power, a district court must consider "the existence of ... extraordinary circumstances[;] the presence of willfulness, bad faith, or fault by the offending party[;] the efficacy of lesser sanctions[; and] the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case." *United States ex rel. Lujan v. Hughes Aircraft Co.,* 67 F.3d 242, 247 (9th Cir.1995) (quoting 843 F.2d at 380). In addition, the district court may consider "the prejudice to the party victim of the misconduct, and ... the government interests at stake." *Id.*

In the instant case, Rayle's conduct met the standard for entry of default under either the *Hammond* or the *Lujan* test. *See, e.g.,* 212 U.S. at 350, 29 S.Ct. 370; *Estrada v. Cohen,* 244 F.3d 1050, 1056 (9th Cir.2001). Rayle repeatedly and willfully failed to attend his scheduled deposition, even after the District Court ordered him to do so, in effect dragging out a two-day deposition over nine months. Sanctions proved ineffective in securing Rayle's compliance or even an explanation for his behavior, and Rayle's failure to attend his deposition was directly related to the merits of the underlying malpractice claim against him. Finally, Rayle's conduct cre-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ated a risk of prejudice to Appellee, who was attempting to prepare for trial. The District Court did not abuse its discretion when it concluded that Rayle's conduct merited the entry of a default judgment. *Cf. Estrada,* 244 F.3d at 1056; *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997); *Yusov v. Yusef,* 892 F.2d 784, 787 (9th Cir.1989); *see also Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990).[1]

AFFIRMED.

---

1. We decline to reach Rayle's objections to the form and substance of the judgment. Because our remand order was limited to the issue of whether Rayle's conduct permitted entry of a default judgment, the District Court's refusal to consider Rayle's objections to the substance of the judgment was proper. *See Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust,* 824 F.2d 765, 767 (9th Cir.1987).

