**Rick A. YOUNG, Plaintiff—Appellant,**

v.

**Cus VAN OGLE; et al., Defendants— Appellees.**

No. 05–35581.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted March 8, 2006.*

Decided March 17, 2006.

Rick A. Young, Airway Heights, WA, pro se.

Brian G. Maxey, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Defendants—Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Washington state prisoner Rick A. Young appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging constitutional violations stemming from his placement in and subsequent extraction from a holding cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment to defendants on Young's excessive force claim because Young failed to raise a genuine issue of material fact regarding whether force was applied in a good faith effort to maintain or restore discipline or used maliciously to cause him harm. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) quoting *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

The district court properly granted summary judgment to defendants on Young's deliberate indifference claims because Young provided no evidence to support his conclusory allegations. *See Sprewell v.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (this Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

 The district court did not abuse its discretion in imposing discovery sanctions against Young because Young's motion to compel contained requests that were overly broad, harassing and irrelevant. *See Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997).

Young's pending motions are denied.

**AFFIRMED.**

---

\* Because this panel unanimously finds this case suitable for decision without oral argument, Smith's motion for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.