**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHARLES C. SUNG, MD, a married man,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MISSION VALLEY RENEWABLE ENERGY, LLC, a Delaware limited liability company doing business in the State of Washington; WILLIAM MCKAY, individually and the marital community; CYNTHIA MCKAY, individually and the marital community; FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Bank of Whitman,<br><br>Defendants - Appellees. | No. 13-35896<br><br>D.C. No. 2:11-cv-05163-RMP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted October 15, 2015
Seattle, Washington

Before: KOZINSKI, W. FLETCHER, and FISHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dr. Charles Sung appeals the district court's imposition of sanctions for his discovery violations. We affirm.

The district court did not abuse its discretion in imposing monetary sanctions. *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). Dr. Sung violated Federal Rule of Civil Procedure 26 when he attempted to reform his proposed trial exhibits to include documents that were not previously disclosed. Dr. Sung never provided a justification for his failure to disclose these documents. Furthermore, his error was not harmless. Dr. Sung's inclusion of previously undisclosed documents in his reformed trial exhibits disrupted the district court's schedule and imposed additional costs on the defendants, who were forced to respond to the nondisclosure. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227-28 (9th Cir. 2006); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties . . . is not harmless.").

The district court also did not abuse its discretion in dismissing the case. The additional documents Dr. Sung failed to disclose were relevant. For example, many of the documents tended to show that Dr. Sung was a relatively sophisticated investor, thus undermining his claim that he reasonably relied on Mr. McKay's

alleged misrepresentations. *See Stewart v. Estate of Steiner*, 93 P.3d 919, 922 (Wash. Ct. App. 2004). The district court did not abuse its discretion in finding Dr. Sung's nondisclosure was the result of "willfulness, bad faith, or fault" because the documents Dr. Sung failed to disclose were within his control, and he failed to turn them over. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). The district court also properly considered the "*Malone*" factors. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The district court did not err in determining that the defendants suffered prejudice. The defendants were forced to prepare for trial without full information, and they would have been forced to incur additional costs if this case had continued after the reopening of discovery. *See Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). The district court properly considered lesser sanctions and did not abuse its discretion in determining that alternative sanctions were inadequate in light of the already lengthy litigation in this case and Dr. Sung's previous discovery violation.

**AFFIRMED.**