**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TONY ASBERRY,

               Plaintiff - Appellant,

v.

MATTHEW CATE, Secretary of
Corrections of the C.D.C.R.; et al.

               Defendants - Appellees.

No. 15-15113

D.C. No. 2:11-cv-02462-KJM-
KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

     Tony Asberry, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of discretion the imposition of discovery sanctions under Federal Rule of Civil Procedure 37. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). We affirm.

The district court did not abuse its discretion by dismissing Asberry's action under Fed. R. Civ. P. 37(d) on the basis of Asberry's failure to appear at a court-ordered deposition because Asberry's failure to appear was willful, and the district court had imposed monetary sanctions against Asberry for his previous failure to appear and warned Asberry of the possibility of terminating sanctions. *See* Fed. R. Civ. P. 37(d); *Payne*, 121 F.3d at 507 (setting forth five factors courts must weigh when dismissing a case for noncompliance with court-ordered discovery under Rule 37 and noting that the noncompliance must be due to "willfulness, fault, or bad faith").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**