**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA GUTIERREZ-HOWERTON, | No. 14-17035 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01261-GMN-PAL |
| v. | |
| NICOLE GONZALEZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted July 26, 2016[**]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Veronica Gutierrez-Howerton appeals pro se from the district court's

judgment dismissing with prejudice her 42 U.S.C § 1983 action alleging federal

and state law claims. We have jurisdiction under 28 U.S.C. §1291. We review

for an abuse of discretion a dismissal as a discovery sanction under Rule 37 of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Rules of Civil Procedure, *Stars' Desert Inn Hotel & Country Club v. Hwang,* 105 F.3d 521, 524 (9th Cir. 1997), and we affirm.

The district court did not abuse its discretion by dismissing with prejudice Gutierrez-Howerton's action for failing to comply with court-ordered discovery because Gutierrez-Howerton failed to answer defendants' interrogatories, despite being ordered to respond and receiving an extension of time to do so, and she failed to appear at a hearing, despite receiving a continuance and an opportunity to appear telephonically. *See Payne v. Exxon Corp.,* 121 F.3d 503, 507-8 (9th Cir. 1997) (discussing the five factors the district court must weigh before dismissing a case for noncompliance with court-ordered discovery). The district court did not abuse its discretion in finding Gutierrez-Howerton's noncompliance to be willful. *See Henry v. Gill Indus., Inc.,* 983 F.2d 943, 948 (9th Cir. 1993) (all that is required to demonstrate willfulness, bad faith, or fault is "disobedient conduct not shown to be outside the control of the litigant" (citation and internal quotation marks omitted)).

**AFFIRMED.**