**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON RAISER, | No. 21-56158 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00751-GPC-KSC |
| v. | |
| COUNTY OF SAN DIEGO; DOES, 1-20; Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted February 6, 2023[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Aaron Raiser appeals from the judgment entered in favor of the defendants

in his civil rights action arising out of investigatory stops made by three different

San Diego County detectives in 2017 and 2018.  We have jurisdiction pursuant to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review summary judgment de novo, *First Resort, Inc. v. Herrera,* 860 F.3d 1263, 1271 (9th Cir. 2017), and affirm.

Summary judgment was proper for the defendants.  All three stops were supported by reasonable suspicion that Raiser might be committing a crime.  *See Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 (9th Cir. 2020) (holding that an investigatory stop is objectively reasonable under the totality of the circumstances if the objective facts and reasonable inferences allow the officer to suspect that the person is or has engaged in criminal activity).  During the stops, which lasted from 2 to 14 minutes, the detectives focused on the reasons for the stops and then allowed Raiser to leave.  *See United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996) (holding that an investigatory stop is reasonable in length and scope if "the officers diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly . . .") (internal quotation marks omitted).

Raiser waived his claim against the county by not amending his complaint after the district court dismissed with leave to amend.  *Herrera,* 860 F.3d at 1274.

The district court did not abuse its discretion by denying the motion for reconsideration of the deposition and sanction orders.  Raiser did not offer newly discovered evidence or establish clear error or an intervening change in controlling

law.  *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir 2003) (setting forth the standard and standard of review).

To the extent that Raiser appeals from the underlying orders, the district court did not abuse its discretion by denying Raiser's request to conduct depositions without a deposition officer who met the requirements of Federal Rules of Civil Procedure 30(b) and 28.  Contrary to Raiser's assertion, he could not act as the deposition officer.  *See* Fed. R. Civ. P. 28(c) ("A deposition must not be taken before a person. . .  who is financially interested in the action.").  Nor did Raiser demonstrate that he could have the deposition certified as required by Federal Rule of Civil Procedure 30(f)(1).  Moreover, absent the qualified officer's certification, the deposition transcript would not be admissible at summary judgment.  *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (holding that an extract from a deposition that lacks the reporter's certification is inadmissible at summary judgment).

The district court did not abuse its discretion by holding that: (1) the defendants' refusal to attend depositions without a qualified officer was substantially justified; (2) an award of expenses would be unjust; and (3) terminating sanctions were not appropriate.  *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (setting forth the standard of review for discovery

sanctions); Fed. R. Civ. P. 37(d)(3) (setting forth the standard for sanctions); *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (holding that terminating sanctions may be granted only for "willfulness, fault, or bad faith") (internal quotation marks omitted).

The mere fact that the court ruled against Raiser did not establish bias. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

**AFFIRMED.**