NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY E. BURRIS,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>JPMORGAN CHASE & CO.; J.P.<br>MORGAN SECURITIES, LLC,<br><br>           Defendants-Appellees. | No.   21-16852<br>        22-15775<br><br>D.C. No. 2:18-cv-03012-DWL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted March 28, 2024[**]
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

Johnny Burris appeals the district court's order dismissing his case under

Federal Rule of Civil Procedure 37(e)(2) because of his intentional spoliation of

electronically stored information (ESI). We have jurisdiction under 28 U.S.C. §

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1291, and we affirm.

## 1. Admissibility of Englander Report[1]

In its order dismissing Burris's complaint with prejudice, the district court cited the report of the court-appointed digital forensics specialist, Jefford Englander. *Burris v. JPMorgan Chase & Co.*, 566 F. Supp. 3d 995, 1000 (D. Ariz. 2021). Burris argues that the district court erred when it relied upon Englander's report without first establishing its admissibility.

First, Burris contends that the district court could not rely on the report without first conducting a *Daubert* hearing to qualify Englander as an expert in digital forensics. This argument is unconvincing. At the outset, because Burris failed to raise a *Daubert* challenge in the district court, he has waived any objection to Englander's qualifications. *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1113–14 (9th Cir. 2012); *see also Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066–67 (9th Cir. 1996).

However, even assuming that Burris had properly raised a *Daubert* challenge in the district court, his challenge to the report's admissibility is meritless. "District courts are not always required to hold a *Daubert* hearing to

---

[1] Admission of expert testimony is reviewed for abuse of discretion, except where no objection has been made, in which case we review for plain error. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000).

discharge their reliability and relevance gatekeeping duties under Federal Rule of Evidence 702." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 737 (9th Cir. 2024). "Although *Daubert* sets out factors for district courts to consider when determining whether expert testimony is admissible under Rule 702, they are 'illustrative,' and 'the inquiry is flexible.'" *Id.* (quoting *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017)). The record demonstrates that Englander had significant technical expertise in computer forensics and the use of industry-standard tools and methods for forensic imaging. And Burris presented no evidence that undermines Englander's methodology, which included searching for digital artifacts of deletions on Burris's various devices and examining the metadata on those devices to determine when deletions occurred.

Second, Burris argues that because Englander was selected and paid by JPMorgan, he had a conflict of interest and was not impartial. This argument ignores the fact that Burris stipulated to the appointment of a digital forensics specialist on the sole condition that JPMorgan would select, pay for, and manage the engagement. Nor did Burris demonstrate any actual conflict arising from Englander's work; Burris speculates that JPMorgan impermissibly wrote part of his report, but the record does not support that claim. We find no error in the district court relying on Englander's report.

## 2. Dismissal under Rule 37(e)(2)[2]

The district court imposed terminating sanctions pursuant to Rule 37(e)(2). *Burris*, 566 F. Supp. 3d at 1019. Burris argues that he did not violate Rule 37(e) because the deleted documents were not relevant ESI.

Rule 37(e) applies when ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). "[I]f the court finds that an offending plaintiff 'acted with the intent to deprive another party of the information's use in the litigation,' dismissal is authorized." *Jones*, 95 F.4th at 735 (quoting Fed. R. Civ. P. 37(e)(2)).

The district court first determined that "large volumes of ESI were lost" and that Burris was on notice that the destroyed ESI should have been preserved. *Burris*, 566 F. Supp. 3d at 1012–13. In its analysis, the district court identified several categories of destroyed ESI that were potentially relevant to the litigation. *Id*. at 1014–15. The court also found that the ESI was "irretrievably lost" and was "not replaceable through additional discovery." *Id*. at 1016.

---

[2] We review for abuse of discretion a district court's imposition of discovery sanctions. *Anheuser–Busch, Inc. v. Natural Beverage Distribs*., 69 F.3d 337, 348 (9th Cir. 1995); *In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 386 (9th Cir. 2010). Findings of fact related to a motion for discovery sanctions are reviewed for clear error. *Payne v. Exxon Corp*., 121 F.3d 503, 507 (9th Cir. 1997).

Finally, the district court determined that Burris acted with intent to deprive JPMorgan of the information's use in the litigation, noting that "the sheer number of obfuscatory actions undertaken by [Burris] . . . evince an unusually clear level of intent to deprive Defendants of potentially relevant ESI." *Id*. at 1017. The district court noted that Burris had engaged in "systematic efforts" to destroy ESI "from an array of phones, laptops, email accounts, and external storage devices." *Id*. at 1000. The district court observed the temporal proximity of Burris's spoliation efforts, noting that Burris wiped at least one of his devices the day before he was required to produce it for forensic examination. *Id*. at 1017. Applying the five-factor test for terminating sanctions articulated in *Anheuser-Busch*, 69 F.3d at 348, the court found that dismissal was warranted. *Id*. at 1018–19.

The district court did not clearly err by finding that Burris deleted potentially relevant ESI. The court cited Englander's report, which determined that Burris had deleted ESI that, based on file names and pathing information, would have been responsive to the parties' joint definition of "potentially relevant ESI." *Id*. at 1015.

The district court's finding that Burris intentionally deleted ESI to deprive JPMorgan of the information's use in litigation is well-supported by the record. The district court properly relied on the temporal proximity of Burris's spoliation records as evidence of his intent. "Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party

5

acted with the intent required for Rule 37(e)(2) sanctions . . . [r]elevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Jones*, 95 F.4th at 735 (internal citations omitted).

Considering the nature of the spoliated ESI and Burris's repeated violation of the October 2020 protective order, the district court's finding that Burris engaged in spoliation of potentially relevant ESI was not clearly erroneous. The district court did not abuse its discretion in dismissing Burris's complaint with prejudice.

### 3. Attorneys' Fees and Costs[3]

Finally, Burris challenges the district court's award of attorneys' fees and costs. The district court awarded JPMorgan $296,490.50 in attorneys' fees and $66,973.62 in costs based on its prior determination that Burris violated the district court's October 2020 order. On appeal, Burris contends that "[t]he court had no legal authority to award fees in addition to the underlying dismissal sanction."

The district court awarded JPMorgan its attorneys' fees and costs based on its "inherent authority," which allows district courts "to sanction a litigant for bad-

---

[3] We review for abuse of discretion a district court's award of attorneys' fees and costs. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994).

faith conduct by ordering it to pay the other side's legal fees." *Goodyear Tire &*

*Rubber Co. v. Haeger*, 581 U.S. 101, 103 (2017).

This was not error. It is well-established that a district court may award

attorneys' fees and costs in addition to imposing terminating sanctions due to

discovery misconduct. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006);

*Jones*, 95 F.4th at 738–39. Here, the district court properly determined that

Burris's spoliation misconduct explicitly amounted to bad faith. *Burris*, 566 F.

Supp. 3d at 1019.

In its order appointing a forensic specialist, the district court warned Burris

that JPMorgan might seek reimbursement of its fees and costs in addition to

sanctions. Despite that warning, Burris continued his spoliation efforts and

withheld some of his devices from Englander, causing the parties to hold additional

meetings to address the deficiencies, and thereby increasing their litigation costs.

The district court correctly found that these were "attorneys' fees incurred because

of the misconduct at issue." *Goodyear Tire & Rubber Co.*, 581 U.S. at 108.

Burris next argues that the award was "excessive" and "not reasonable"

because not all the attorneys' fees requested by JPMorgan were attributable to the

motion for terminating sanctions. This argument also fails. A fees award based on

a district court's inherent authority "is limited to the fees the innocent party

incurred solely because of the misconduct—or put another way, to the fees that

7

party would not have incurred but for the bad faith. A district court has broad discretion to calculate fee awards under that standard." *Id*. at 104. Here, the district court properly limited its award to the fees that JPMorgan incurred because of Burris's misconduct. The district court did not abuse its "broad discretion," *id*., by determining that the attorneys' fees and costs resulting from JPMorgan's attempt to settle its spoliation-related costs with Burris out-of-court "were related to the spoliation motion and were reasonable." *Leon*, 464 F.3d at 961.

**AFFIRMED**.