### In re David and Monica OLSON, Debtors.

### David Keith Olson, Appellant,

### v.

### Milton C. Bade; Bade Construction Co.; Bade & Langley; Bade & Olson Co. Inc.; Chris Construction Co., Inc.; Elkorn Co., Ltd; Irwindale Industrial Center; Las Flores Development Co.; Mildon Co.; Moreno Valley Investment Group; Olson Bade Investments; 77 Office Building Account; Christopher Bade; Inc., Appellees.

### No. 99–56191.
### BAP No. CC–98–1551–JBMe.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided April 6, 2001.

Before BEEZER, T.G. NELSON, and
BERZON, Circuit Judges.

## MEMORANDUM *

Defendant David Keith Olson ("Olson") appeals the Bankruptcy Appellate Panel ("BAP") decision reversing the bankruptcy court's discovery sanction excluding all Plaintiffs' exhibits, expert testimony, and evidence of damages, and dismissing Plaintiffs' adversary proceeding. We have jurisdiction and we affirm.

■ The district court's imposition of discovery sanctions under Rule 37 is reviewed for abuse of discretion. *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir. 1997). Factual findings underlying discovery rulings are reviewed for clear error. *Id.* BAP decisions are reviewed de novo. *In re Cool Fuel, Inc.,* 210 F.3d 999, 1001 (9th Cir.2000). As the parties are familiar with the facts, we do not recite them here.

■ The bankruptcy court properly determined that Plaintiffs' damages calculation and expert report were too disorganized, incomplete and confusing to satisfy the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. Because of the ambiguous and disputed statements of the parties, as well as the fact that Olson proceeded without legal representation during the discovery period, we conclude that the bankruptcy court did not abuse its discretion when it found that Olson did not waive his right to receive an adequate damages calculation and expert report.

■ Plaintiffs argue that, if their documents failed to meet Rule 26 requirements, the bankruptcy court abused its discretion by excluding all Plaintiffs' exhibits, expert testimony and evidence of damages, and by dismissing Plaintiffs' adversary proceeding. Whether a dismissal sanction is proper requires consideration of:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Eng'rs Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998) (quotation marks omitted). Dismissal sanctions are generally inappropriate absent a finding of "willfulness, fault, or bad faith." *Payne,* 121 at 507. Although the bankruptcy court's evidentiary sanction was not an outright dismissal, it was tantamount to one and, we apply the above factors.

■ We also consider:

(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.

*Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996) (quotation marks omitted). The abuse of discretion standard allows us to consider all relevant factors, not only those articulated in an enumerated factor test. *See Valley Engineers,* 158 F.3d at 1057.

■ We conclude that the sanctions imposed by the bankruptcy court amount to an abuse of discretion.

First, Plaintiffs acted in good faith, which the bankruptcy court apparently acknowledged. Plaintiffs had a reasonable, good faith belief that Olson had agreed Plaintiffs' disclosures in the original state court action would satisfy the disclosure requirements in the bankruptcy case. In the state court action, the parties had com-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

pleted discovery, litigated a motion for summary judgment, and proceeded to the first day of trial, which Olson avoided by filing for bankruptcy. In the bankruptcy proceeding, Olson did not object to Plaintiffs' status report declaration stating, "Plaintiffs believed there was no need to exchange documents beyond those exchanged as exhibits in the State Case." Olson joined a status report indicating the same. Moreover, Olson did not ask Plaintiffs to produce a damages calculation or an expert report and did not move to compel production of the same. Olson waited until one week before the scheduled trial date to object to Plaintiffs' disclosures. The evidentiary sanction was tantamount to a dismissal. Plaintiffs' good faith, by itself, likely renders the sanction an abuse of discretion. *See Payne*, 121 F.3d at 507.

Second, the prejudice to Olson was minimal because, during the state court action, Plaintiffs produced the exhibits they intended to introduce at the bankruptcy proceeding. Also, Olson could have avoided any such prejudice by simply asking Plaintiffs to provide the additional disclosures.

Third, the evidence excluded by the bankruptcy court (*i.e.*, all Plaintiff's exhibits, expert testimony, and damages evidence) was critical. For lack of evidence, Plaintiffs could not present a prima facie case and, as a result, the bankruptcy court dismissed the entire action.

Fourth, less drastic sanctions were available. The bankruptcy court could reset the trial date to allow Plaintiffs the time to remedy the discovery violations. If the bankruptcy court determined that a continuance was not warranted, it could have limited Plaintiffs' expert testimony and damages evidence to matters disclosed in their exhibits. Moreover, the court did not warn Plaintiffs that, if they failed to prepare an adequate damages calculation and expert report, it would exclude almost all their evidence and then dismiss the case. *See In Re Rubin*, 769 F.2d 611, 616 (9th Cir.1985) (absence of clear warning militates against dismissal as discovery sanction).

Fifth, although the bankruptcy court has a cognizable interest in managing its docket and resolving cases expeditiously, these interests do not justify the exclusion of almost all the evidence offered by Plaintiffs, who reasonably and in good faith believed they were in compliance with disclosure requirements.

We affirm the Bankruptcy Appellate Panel's judgment reversing the bankruptcy court. Plaintiffs shall have a reasonable opportunity in the bankruptcy court to comply with the damages calculation and expert report requirements of Rule 26.

We deny appellees' request that we assign this matter to a different bankruptcy judge for trial.

AFFIRMED and REMANDED for proceedings consistent with this disposition.