In re: Dennis A. WARRICK and Jean Warrick, Debtor.

Donald B. Randles, Appellant,

v.

William E. Pierce, Trustee, Appellee.

No. 00–15043.
BAP No. AZ–99–01160–ABK.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 2001.*

Decided May 25, 2001.

Before NOONAN, SILVERMAN, Circuit Judges and LASNIK,** District Judge.

ORDER***

Donald Randles appeals the Bankruptcy Appellate Panel's ruling that $15,000 the Warricks paid to Randles to represent their son in a criminal action was a fraudulent transfer in violation of 11 U.S.C. § 548(a). We have jurisdiction pursuant to 28 U.S.C. § 158(d) and review the BAP decision de novo. *In re Cool Fuel, Inc.*, 210 F.3d 999, 1001 (9th Cir.2000). We review the factual findings for clear error. *In re P.R.T.C., Inc.*, 177 F.3d 774, 782 (9th Cir.1999).

To avoid a transfer under § 548(a), the trustee must prove that the debtor was insolvent at the time in question. *See* 11 U.S.C. § 548(a)(2); *In re United Energy Corp.*, 944 F.2d 589, 594 (9th Cir.1991). We reverse the BAP because the bankruptcy court did not find, implicitly or otherwise, that the debtors were insolvent when they paid Randles. To the contrary, the stipulated facts are silent on that point.

The trustee argues that Randles waived this issue. Although it is true that the bankruptcy court ruled in Randles' favor on other grounds, there is nothing in the record to suggest that Randles waived the trustee's burden of establishing insolvency under § 548(a)(2).

REVERSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Robert Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.