**In re: Victor RODAS; Phyllis Prosniewski, Debtors.**

**Laura Keddington, Appellant–Appellant,**

v.

**Victor Rodas; et al., Appellees–Appellees.**

**No. 00–56220.**

**BAP No. CC–99–01485–KMaJa.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Laura Keddington appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming a bankruptcy court's decision discharging Victor Rodas's and Phyllis Prosniewski's debts. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's legal conclusions. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 792 (9th Cir. 1997) (en banc). We independently review the bankruptcy court's rulings on appeal from the BAP, *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1001–02 (9th Cir. 2000), and we affirm.

The bankruptcy court did not clearly err by finding that Keddington had not met her burden of proving that Rodas misrepresented the quality of his work. *Cf. Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454, 1457 (9th Cir.1992) (per curiam) (setting forth creditor's burden to establish nondischargeability under 11 U.S.C. § 523(a)(2)(A)). The bankruptcy court did not clearly err by finding that Keddington failed to establish reasonable reliance on Rodas's financial statements, as required by 11 U.S.C. § 523(a)(2)(B), because no financial statements were entered into evidence. *See Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir.1996). Furthermore, the bankruptcy court did not clearly err by finding that Rodas did not commit a willful or malicious injury to Keddington's home. *See In re Bammer*, 131 F.3d at 792 (finding malicious injury and nondischargeabili-

---

ty where record indicated a wrongful, intentional act, done without just cause or excuse, that caused an injury).

The bankruptcy court did not clearly err by entering judgment at the conclusion of Keddington's case. *See* Fed.R.Civ.P. 52(c); *see also Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1031 (9th Cir.1996).

Keddington's remaining contentions lack merit.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.