In re: Wale Olufemi OSIJO, Debtor,

Wale Olufemi Osijo, Appellant,

v.

Cosmopolitan Finance Company; United States Trustee; M. Nelson Enmark, Chapter 13 Trustee, Appellees.

No. 01–15127.
BAP No. EC–00–01249–MaPRy.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 24, 2001.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* Because this panel unanimously finds this case suitable for decision without oral argument, Osijo's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

**680**

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

### MEMORANDUM **

Wale Olufemi Osijo appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's judgment in favor of the defendant in this adversary proceeding alleging that Cosmopolitan Financing Company failed to comply with California statutory notice requirements when it sold his repossessed vehicle after obtaining relief from the automatic stay provisions of 11 U.S.C. § 362(a).[1] We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1001 (9th Cir.2000), and we affirm.

The BAP did not err because the automatic stay did not toll the statutory redemption period provided by Cal. Civ.Code § 2983.2, *see Napue v. Gor–Mey West, Inc.*, 175 Cal.App.3d 608, 220 Cal.Rptr. 799, 817 (Cal.Ct.App.1985), and Osijo failed to raise his remaining statutory notice arguments before the bankruptcy court, *see Everett v. Perez (In re Perez)*, 30 F.3d 1209, 1213–14 & n. 4 (9th Cir.1994).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because this is the only contention Osijo raises in his brief, the other claims he raised before the BAP are deemed abandoned. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000).