**In re: Frank M. LAMANNA, Debtor.**

**Thomas N. Thomson, Appellant,**

v.

**Bank of America, Appellee.**

**No. 00–55279.**
**BAP No. CC–98–01489–MeBC.**
**Bk. No. SV 94–33978–GM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2001.

Decided Nov. 30, 2001.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING, District Judge.*

## MEMORANDUM **

Appellant Thomson appeals a ruling of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order finding him in contempt of two prior orders granting preliminary and permanent injunctive relief. The bankruptcy court found Thomson in contempt for filing an action on behalf of Anniello, Inc. ("Anniello") against Bank of America N.T. & S.A. ("the Bank") regarding certain real property ("the Property") at issue in the bankruptcy proceedings and for recording a lis pendens. The court concluded that these actions violated (1) its order granting preliminary injunctive relief to the Bank against Frank Lamanna ("Frank"), (2) its order granting permanent injunctive relief to the Bank's affiliate against Carlos Lamanna ("Carlos") and Frank, and (3) the Agreement of Settlement and General Release ("Settlement Agreement") between Frank, Carlos, their wives, and the Bank, which the bankruptcy court incorporated by reference in its injunctive orders.

Thomson argues that the contempt order must be vacated because neither order granting injunctive relief met the requirements of Fed.R.Civ.P. 65(d). He also contends that Anniello's rights were not determined in the Settlement Agreement, nor was Anniello bound by the injunctive orders. Therefore, as Anniello's attorney, he asserts that he was not bound by either the preliminary or permanent injunction, nor was there any evidence that he knew Anniello was violating the terms and condi-

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tions of the orders. We reject Thomson's contentions and affirm the BAP's ruling.

As the parties are familiar with the facts, we discuss only those necessary to our determination. We review the bankruptcy court's civil contempt order for an abuse of discretion, *Hilao v. Estate of Marcos,* 103 F.3d 762, 764 (9th Cir.1996), and its underlying factual findings for clear error. *FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir.1999). We review the bankruptcy court ruling independent from the BAP. *Cool Fuel, Inc. v. Bd. of Equalization of Cal. (In re Cool Fuel, Inc.),* 210 F.3d 999, 1001–02 (9th Cir.2000).

### I. The Collateral Bar Rule and the Validity of the Injunctions

■ Thomson first argues that the orders granting injunctive relief are invalid. However, it is well-settled that Thomson may not collaterally attack the orders in the context of a contempt proceeding. *GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.,* 445 U.S. 375, 386, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980); *Dep't of Labor OSHA v. Hern Iron Works, Inc. (In re Establishment Inspection of Hern Iron Works, Inc.),* 881 F.2d 722, 725 (9th Cir. 1989). None of the exceptions to this "collateral bar rule" exist here. *Zapon v. United States Dep't of Justice,* 53 F.3d 283, 285 (9th Cir.1995); *Hern Iron Works,* 881 F.2d at 726–28.

■ Even if Thomson could challenge the validity of the orders granting injunctive relief, we reject his argument that the injunctions violate Fed.R.Civ.P. 65(d) because they reference the Settlement Agreement, which is not attached to either order. Contrary to Thomson's contention, we do not read Rule 65(d) to prohibit incorporation by reference of another document; rather, our inquiry focuses on whether parties have sufficient notice of the prohibited acts to comply with the injunction. *California v. Campbell,* 138 F.3d 772, 783 (9th Cir.1998). Here, although the Settlement Agreement was not attached to the bankruptcy court's injunctive orders, all of the parties to be bound, as well as Thomson and Anniello (through Carlos), were aware of its contents. Accordingly, the preliminary and permanent injunctions met our requirements under Rule 65(d).

### II. Civil Contempt

A nonparty may be held in contempt for violating an injunction if he or she (1) has actual notice of the injunction and (2) is an "officer[ ], agent[ ], servant[ ], employee[ ], [or] ... attorney[ ]" of a party or acted in "active concert or participation with" a party subject to the injunction. Fed. R.Civ.P. 65(d); *see also Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1323 (9th Cir.1998). The moving party must demonstrate by clear and convincing evidence that the alleged contemnor violated a "specific and definite order of the court." *Affordable Media,* 179 F.3d at 1239 (citing *Stone v. City & County of San Francisco,* 968 F.2d 850, 856 n. 9 (9th Cir.1992)).

■ The bankruptcy court did not abuse its discretion in finding Thomson in contempt for violating its orders granting preliminary and permanent injunctive relief and ordering him to compensate the Bank for its attorney's fees. First, Thomson conceded that he knew about the injunctions and the Settlement Agreement. Second, the record supports the bankruptcy court's findings that Thomson was acting as an agent of Frank and Carlos in filing the Anniello lawsuit and recording the lis pendens. Prior to the issuance of the order granting preliminary injunctive relief, Thomson had represented Frank in an action attacking the Settlement Agreement and seeking to prevent the foreclosure sale of the Property. After the bankruptcy court entered its order prelim-

inarily enjoining Frank, his agents, and others acting in concert with him from filing any action related to the Property in any court other than the bankruptcy court, Thomson filed the Anniello lawsuit in conjunction with Carlos, who, as Anniello's president, verified the complaint. Like the lawsuit in which Thomson represented Frank, the Anniello lawsuit served to prevent the Bank from enjoying its lawful ownership of the Property. Given that Thomson had represented Frank in an action regarding the Property before the bankruptcy court entered the preliminary injunction and then, just two months after the bankruptcy court issued the preliminary injunction, filed the Anniello lawsuit regarding the Property in conjunction with Carlos, it was not clearly erroneous for the bankruptcy court to find that Thomson was acting as Frank's and Carlos's agent in filing the Anniello lawsuit, merely using Anniello as a vehicle to circumvent the bankruptcy court's orders.

AFFIRMED.