MEMORANDUM ***
Creditor-appellee Paul Cadd had judgment liens on a residence and a rental house owned by debtor-appellant Beverly Casper. In December 1999, debtor’s attorney negotiated a deal with creditor’s attorney whereby creditor would release his hen on the rental house in exchange for partial payment of the debtor’s liability out of the proceeds from the sale of the rental house. Before consenting to this deal, creditor’s attorney obtained a letter from debtor’s counsel indicating that the tax-assessed value of debtor’s residence was $90,700, that debtor believed the residence had a market value of $110,000, and that based on this market value and the balance of debtor’s mortgage, debtor had equity in the residence that exceeded Oregon’s $25,000 homestead exemption by $13,000. Five weeks later, debtor declared bankruptcy. She then sought to avoid creditor’s hen on her residence on the grounds that the residence was worth only $90,290, such that the hen impaired her homestead exemption in violation of Oregon law. The bankruptcy court found that debtor was estopped by her previous representation to assert a residence value less than $110,000, and thus denied debtor’s motion for hen avoidance. The Bankruptcy Appellate Panel (“BAP”) affirmed.
We have jurisdiction over debtor’s appeal under 28 U.S.C. § 158(b)(2). We review the BAP’s conclusions of law de novo. See In re Cool Fuel, Inc., 210 F.3d 999, 1001 (9th Cir.2000).
We reject debtor’s contention that she cannot be equitably estopped by the letter sent by her counsel to creditor’s counsel because it stated that she believed her home to be worth $110,000. Every estimate of market value is to some extent a “belief.” So long as it is reasonable for another to rely upon the estimate, the fact that it is framed as a “belief” does not neutralize its potential estoppel effect. See First Nat’l Bank of Portland v. Dudley, 231 F.2d 396, 401 (9th Cir.1956) (noting that “equitable estoppel ... stands for the basic precepts of common honesty, ordinary fairness, and good conscience in dealing with the rights of those whose conduct has been prompted by reasonable good-faith reliance upon the knowing acts or omissions of another”).
In order for equitable estoppel to apply, however, the party to be estopped must have known that the true facts were other than as she represented them to be. See Bolt v. United States, 944 F.2d 603, 609 (9th Cir.1991). In the context of this case, therefore, debtor could be equitably es-topped only if she knew on December 15, 1999 that the value of her home was insufficient to cover creditor’s lien without im *73 pairing her exemption. Since we cannot conclude on the basis of the record before us that this element of equitable estoppel was satisfied, we will remand the case for further factfinding. On remand, the bankruptcy court should consider evidence and enter a finding as to whether the value of debtor’s residence on December 15, 1999 was sufficient to cover creditor’s lien without impairing debtor’s homestead exemption. If the court finds that the value was not sufficient, the court should then determine whether debtor was aware of the insufficiency. If the value of the residence was in fact sufficient to cover the lien without impairing the exemption, or if the value was in fact insufficient but debtor believed it was sufficient, equitable estoppel will not apply.
We reject debtor’s argument that her application for lien avoidance cannot be denied on equitable estoppel grounds because the effect would be to impair her homestead exemption under Oregon law. Application of equitable estoppel to hold a debtor to a prior representation does not conflict with the Oregon statutory code or the bankruptcy rules.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.