MEMORANDUM *
The California State Board of Equalization (“The Board”) appeals the dismissal on summary judgment of its claim against Cool Fuel, Inc., a licensed fuel wholesaler, for unpaid use taxes and pre-petition interest on diesel fuel sold during 1993. We have jurisdiction under 28 U.S.C. § 158(d), and we reverse the bankruptcy court’s order of summary judgment in favor of Cool Fuel and remand this case to the bankruptcy court with instructions to enter summary judgment in favor of the Board.
Background
The material facts of this case are undisputed.[1] In 1993, Bruce Hill, a vice presi *515 dent and salesman for Cool Fuel, sold 11 million gallons of diesel fuel to retailers. Under California Revenue & Taxation Code § 8736 (repealed by Stats.1994, ch. 912, § 8, effective September 27, 1994, operative July 1, 1995), a sale of diesel fuel was a taxable “use” of the fuel that was due and payable upon the delivery of a wholesaler’s fuel to a retailer. Hill led Cool Fuel to believe he was selling the fuel to Sunshine Western, a licensed wholesaler, in tax-free transactions, but instead sold the fuel under the name of High Desert, a shell corporation operated by himself and others, to service station retailers. It is undisputed that Hill paid Cool Fuel for the cost of the fuel and its profits, but kept the taxes instead of remitting them to the Board.
Following an investigation by a Board auditor, the Board made an initial deficiency determination that Cool Fuel owed $2,514,284.22 in taxes and interest. Cool Fuel asked the Board for a redetermination, and then petitioned for Chapter 11 bankruptcy protection on November 1, 1996. On January 23, 1997, the Board filed a proof of claim for $2,606,570.40 in bankruptcy court for disputed outstanding taxes and interest.[2]
Litigation of the matter was treated as an adversary proceeding, and after extensive discovery, the parties filed cross-motions for summary judgment. On April 8, 2002, the bankruptcy court granted summary judgment for Cool Fuel, denied the Board’s motion for summary judgment, and disallowed the Board’s claim for unpaid fuel taxes. The Board appealed to the district court, which affirmed the bankruptcy court. The Board’s appeal is now before this court.
Standard of Review
An appellate court reviews a decision granting summary judgment by a bankruptcy court, including its findings of fact, de novo. Heiniger v. City of Phoenix, 625 F.2d 842-43 (9th Cir.1980); Garter-Bare Co. v. Munsingwear, Inc., 622 F.2d 416, 422 (9th Cir.1980).[3] In addition, the taxpayer has the burden of proof in contesting the Board’s factual determinations with regard to use fuel tax. See 18 C.C.R. § 5080; Grogan v. Garner, 498 U.S. 279, 283-84, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).
Discussion
On appeal, the Board contends that the bankruptcy court erred in holding that Cool Fuel was not hable for taxes on the sales of fuel to retailers because Bruce Hill sold the fuel, not Cool Fuel. The Board’s argument is sound. It is undisputed that the fuel was sold by Hill to retailers, that Hill paid Cool Fuel its costs and profits from these sales, and that Hill kept the taxes instead of remitting them to the Board. Cool Fuel was hable for the transactions of Hill, its agent, committed within the scope of his employment with the company. See Witkin § 115, Business Risk of Innocent Employer (2004); Dark v. United States, 641 F.2d 805, 807 (1981).
Although the bankruptcy court rehed on responses by the Board to Requests for Admission under Fed.R.Civ.P. 36 to conclusively establish that Cool Fuel did not sell fuel to retailers, these admissions at *516 most establish that Hill deceived parties at both ends of the fuel transactions as to the identity of the buyers and seller involved. The mere fact that Hill may have used a sham corporation to deceive parties at both ends of the transactions as to the true identities of the buyer and sellers involved does not relieve Cool Fuel of its tax obligations.[4]
Cool Fuel contends, however, that it was not hable for the taxes because Hill acted as a dual agent, serving both buyer and sellers, without Cool Fuel’s knowledge. See Vice v. Thacker, 30 Cal.2d 84, 180 P.2d 4 (1947). This argument lacks merit. A principal that “puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud.” Reusche v. California Pacific Title Company, 231 Cal.App.2d 731, 738, 42 Cal. Rptr. 262 (1965).
Cool Fuel also argues that it may avoid tax liability because Hill allegedly embezzled the fuel. We disagree. The appellees rely primarily upon a 1967 letter-form opinion from the Franchise Tax Board, which held that a certain type of embezzlement by an employee did not result in taxable income to the employer. Here, Hill paid Cool Fuel for the diesel fuel. Thus, if Hill may be said to have “embezzled” anything, it was cash in the form of the use tax collected from the retailers. The 1967 letter-form opinion states that it does not apply to the embezzlement of cash.
For the foregoing reasons, we reverse the bankruptcy court’s order of summary judgment in favor of Cool Fuel and remand the matter to the bankruptcy court with instructions to enter judgment in favor of the Board.
Each party shall bear its own costs.
REVERSED AND REMANDED.

This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. In its brief and at oral argument, Cool Fuel indicated that there were no material factual issues in dispute.

. The bankruptcy court initially denied the Board’s claim on the ground that it was barred by the three-year statute of limitations in California Revenue & Taxation Code § 8971. We reversed the bankruptcy court, however, on appeal and remanded the matter for further proceedings. See In re Cool Fuel, Inc., 210 F.3d 999 (9th Cir.2000).

. Accordingly, the district court erred when it stated that it would review the bankruptcy court’s findings of fact for clear error.

. The Board also contends that the bankruptcy court erred in admitting and relying on a Board Decision and Recommendation that it prepared in the course of its investigation of Cool Fuel. This decision, however, was properly admitted as a party admission. Fed. R.Evid. 801(d).